# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**SANDRA D. REID**,

    Plaintiff,

v.

**QUICK CARE, et al.,**

    Defendants.

Civil Action No. 7:19-CV-134 (HL)

## ORDER

This case is before the Court on Plaintiff Sandra Reid's Motion for Leave to Appeal In Forma Pauperis ("IFP") (Doc. 10). On January 14, 2020, this Court entered an Order *sua sponte* dismissing Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. 5). Plaintiff filed a Notice of Appeal on February 7, 2020. (Doc. 7). Plaintiff wishes to pursue her claims on appeal and asks permission to do so without prepayment of the filing fee.

In the Court's best judgment, Plaintiff's appeal cannot be taken in good faith. Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Federal Rule of Appellate Procedure further provides that a party who wishes to appeal *in forma pauperis* must file a motion in the district court and attach an affidavit that: "(A) shows . . . the party's inability to pay or to give security for fees

and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(3). Thus, the moving party first must demonstrate an inability to pay. Second, there must be evidence that the appeal is brought in good faith. The Court is satisfied that Plaintiff is financially unable to pay the required filing fee. However, Plaintiff is not entitled to proceed IFP because her appeal is not taken in good faith.

A party "demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat'l Bank, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962)). An IFP action is frivolous, and thus not brought in good faith, where it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.3d 924, 925 (11th Cir. 1991) (per curium). A claim should be permitted to proceed where it is arguable but may ultimately be unsuccessful. See Cofield v. Ala. Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Neither Plaintiff's Notice of Appeal nor her application to proceed IFP outlines the issues she wishes to raise on appeal. Nevertheless, based on the Court's review of the case, the Court certifies that Plaintiff's appeal is not taken in good faith. The Court dismissed this case for lack of subject matter jurisdiction because is was clear on the face of Plaintiff's Complaint that there was no

2

diversity of citizenship between the parties based Plaintiff's own admission that all relevant parties are citizens of Georgia. Plaintiff's allegations also failed to raise a cognizable federal question.

Accordingly, the Court finds that Plaintiff's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915(a) because the issues she intends to raise on appeal are "without arguable merit either in law or in fact." See Napier, 314 F.3d at 531. Plaintiff's application to appeal IFP (Doc. 10) is therefore **DENIED**. Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure should she wish to pursue this appeal further.

**SO ORDERED**, this 21st day of February, 2020.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks